0E511 - U1  Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jan 31 2:05 PM-19CV000960

IN THE COURT OF COMMON PLEAS FOR FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| ZECHARIAH DUFFEY<br>1449 Chenille Way<br>Galloway, OH 43119 | : | |
| | : | |
| Plaintiff, | : | Case No. |
| -vs- | : | Judge |
| RUST-OLEUM CORPORATION<br>c/o Corporation Service Company<br>50 W. Broad St., Suite 1330<br>Columbus, OH 43215 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

1. This is an action for damages in excess of Twenty-Five Thousand Dollars ($25,000.00), exclusive of costs and interest.

2. At all times mentioned herein, the Plaintiff was a resident of the County of Franklin and State of Ohio.

3. At all times relevant herein, the Defendant, Rust-Oleum Corporation (hereinafter "Rust-Oleum"), was a foreign corporation with its principle place of business being the State of Delaware, that does business as a product manufacturer and supplier in the State of Ohio, including at the facilities of the Defendant, Battelle Memorial Institute, at 2555 International Street, Columbus, Ohio 43228, located within Franklin County, Ohio.

4. This Court has subject matter jurisdiction and personal jurisdiction over the parties because the Plaintiff is a citizen of Franklin County, Ohio and Defendant, Rust-Oleum is

Case: 2:19-cv-00775-MHW-KAJ Doc #: 3 Filed: 03/05/19 Page: 2 of 9 PAGEID #: 20
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jan 31 2:05 PM-19CV000960
0E511 - U2

a corporation who regularly, freely, and purposefully directs its business activities to Ohio citizens, such that it has purposefully availed itself of the privileges of conducting business in Ohio, and has rendered itself subject to jurisdiction based, in large part, on the torts caused by its in-state activities alleged herein, and among other reasons.

5. Venue is proper under Civ.R. 3 as the incident giving rise to this Complaint occurred in Franklin County, Ohio.

## FIRST CAUSE OF ACTION

6. Plaintiff incorporates by reference each and every allegation contained in paragraphs one (1) through five (5) as if fully rewritten.

7. The product used in this matter known as Rust-Oleum that caused the Plaintiff's injuries was a "product" within the meaning of Ohio Revised Code §2307.71(A)(12)(a)(ii) & (iii).

8. Defendant Rust-Oleum is a "manufacturer" as defined in Ohio Revised Code §2307.71(A)(9), as Rust-Oleum engages in a business to design, formulate, produce, create, make, construct, assemble or rebuild a product or a component of a product, to wit: aersol paint and acrosol paint cans.

9. The Plaintiff used paint and a paint can that was manufactured by Rust-Oleum. Said paint and paint can was defective in manufacture, pursuant to Ohio Revised Code §2307.74.

10. The subject paint and paint can were defective in design, pursuant to R.C. §2307.75.

11. The subject paint and paint can manufactured by Rust-Oleum was defective due

0E511 - U3 Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jan 31 2:05 PM-19CV000960

to the Defendant Rust-Oleum's failure to provide adequate warning or instruction, pursuant to the provisions of Ohio Revised Code §2307.76.

12. The subject paint and paint can were defective, because they did not conform, when they left the control of the Defendant Rust-Oleum, to an express representation made by said Defendant, with respect to their character, quality or safety, pursuant to the provisions of Ohio Revised Code §2307.77.

13. On or about February 1, 2017, the Plaintiff was within one of the facilities of Battelle Memorial Institute as a supervised contractor at the Battelle Memorial Institute's Columbus Special Supply Site located at 2555 International Street, Columbus, Ohio.

14. Battelle Memorial Institute uses aerosol paint manufactured by Rust-Oleum in the normal course of business.

15. While acting within the course and scope of his employment with Battelle Memorial Institute, the Plaintiff obtained a new aerosol paint can which was manufactured by the Defendant Rust-Oleum from a flammables cabinet.

16. The Plaintiff was preparing to paint an automobile rocker panel.

17. The Plaintiff, at all times, was acting cautiously and was wearing the required safety equipment for the job he was performing, including safety eye glasses.

18. While preparing the can by shaking it, the bottom of the can failed and rapidly propelled the can upward, striking Plaintiff in the head, leaving a wound above the Plaintiff's right temple, causing serious and permanent injuries to the Plaintiff.

19. The Plaintiff did not deviate from standard procedures in the use of the Rust-

0E511 - U4 Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jan 31 2:05 PM-19CV000960

Oleum paint can. The Plaintiff was using the product for its intended purpose and in the way it was intended, and therefore, he was not negligent.

20. Following the incident, the aerosol paint can manufactured by Defendant Rust-Oleum was observed to have sheared or separated above the bottom seam, which may have been caused by a manufacturing defect.

21. Cans in a similar lot and appearance were showing evidence of bulging on the bottom and the construction of the can and contents had changed recently. There did not appear to be any evidence of bulging on the bottom of the incident can.

22. But-for the manufacture/design defect alleged above, the paint can would not have exploded causing the Plaintiff's injury.

23. As a direct and proximate result of the defective condition of the subject paint can/paint manufactured by Rust-Oleum, and the components incorporated and assembled into such, the Plaintiff suffered injuries to his head and other parts of his body. Some of Plaintiff's injuries are permanent in nature. Due to the Plaintiff's injuries, he also has endured pain and suffering, mental anguish, and loss of enjoyment of life, which will continue into the future. Further, the Plaintiff's earning capacity has been permanently impaired and he has permanent scarring.

24. As a direct and proximate result of the defective condition of the subject paint can/paint manufactured by Rust-Oleum, the Plaintiff has incurred medical expenses for care and treatment of said injuries and will continue to incur such expenses in the future.

25. Also, as a direct and proximate result of the defective condition of the subject

4

0E511 - U5 Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jan 31 2:05 PM-19CV000960

paint can/paint manufactured by Rust-Oleum, the Plaintiff has incurred lost wages.

## SECOND CAUSE OF ACTION

26.     Plaintiff incorporates by reference each and every allegation contained in paragraphs one (1) through twenty-five (25) as if fully rewritten.

27.     Defendant Rust-Oleum, as a manufacturer of a product sold within the State of Ohio, has a duty to keep the product safe and properly manufacture and/or design the product for the purposes of its general use for its intended purposes and/or adequately warn consumers of the potential dangers of the use of its products.

28.     Defendant Rust-Oleum breached this duty by failing to properly manufacture and/or design the product used by the Plaintiff in the way intended by its manufacture. Additionally, the Defendant failed to warn the Plaintiff that the paint can being used could explode causing injury.

29.     But for the Defendant Rust-Oleum failing to properly design/manufacture/warn the Plaintiff and all consumers that the paint can could explode with no misuse on behalf of the Plaintiff, the incident with the exploding paint can causing the Plaintiff's injuries would have never occurred.

30.     As a direct and proximate result of the negligence of Rust-Oleum, the Plaintiff suffered injuries to his head and other parts of his body. Some of Plaintiff's injuries are permanent in nature. Due to the Plaintiff's injuries, he also has endured pain and suffering, mental anguish, and loss of enjoyment of life, which will continue into the future. Further, the Plaintiff's earning capacity has been permanently impaired and he has permanent scarring.

31. As a direct and proximate result of the negligence of Rust-Oleum, the Plaintiff has incurred medical expenses for care and treatment of said injuries and will continue to incur such expenses in the future.

32. Also, as a direct and proximate result of the negligence of Rust-Oleum, the Plaintiff has incurred lost wages.

### THIRD CAUSE OF ACTION

33. Plaintiff incorporates by reference each and every allegation contained in paragraphs one (1) through thirty-two (32) as if fully rewritten.

34. Defendant Rust-Oleum is a manufacturer as defined in Ohio Revised Code §2307.71(A)(9), which designed, produced, created, made, constructed, manufactured and/or assembled the subject paint and paint can.

35. The subject paint and paint can were defective in manufacture, pursuant to Ohio Revised Code §2307.74.

36. The subject paint and paint can were defective in design, pursuant to R.C. §2307.75.

37. The subject paint and paint can were defective by reason of a failure of the Defendant Rust-Oleum to provide an adequate warning and/or instruction, pursuant to the provisions of Ohio Revised Code §2307.76.

38. The subject paint and paint can were defective, because they did not conform, when they left the control of the Defendant Rust-Oleum, to an express representation made by said Defendant, with respect to their character, quality or safety, pursuant to the provisions of

Ohio Revised Code §2307.77.

39. A defective aspect of the subject paint and paint can was a direct and proximate cause of the injuries, damages and losses set forth herein.

40. As a direct and proximate result of the defective condition of the paint and/or paint can, the Plaintiff suffered injuries to his head and other parts of his body. Some of Plaintiff's injuries are permanent in nature. Due to the Plaintiff's injuries, he also has endured pain and suffering, mental anguish, and loss of enjoyment of life, which will continue into the future. Further, the Plaintiff's earning capacity has been permanently impaired and he has permanent scarring.

41. As a direct and proximate result of the defective condition of the paint and/or paint can, the Plaintiff has incurred medical expenses for care and treatment of said injuries and will continue to incur such expenses in the future.

42. Also, as a direct and proximate result of the defective condition of the paint and/or paint can, the Plaintiff has incurred lost wages.

## FOURTH CAUSE OF ACTION

43. Plaintiff incorporates by reference each and every allegation contained in paragraphs one (1) through forty-two (42) as if fully rewritten.

44. Defendant Rust-Oleum negligently designed, constructed, assembled, marketed and sold the subject paint and paint can.

45. As a direct and proximate result of the Defendant Rust-Oleum's failure to exercise ordinary care in the design, construction, assembly, marketing, and sale of the subject

Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jan 31 2:05 PM-19CV000960

0E511 - U8

paint and paint can, and as a further direct and proximate result of Defendant Rust-Oleum's failure to provide adequate warning or instruction to potential purchasers and users of said paint and paint can, both before and after the sale of such, Plaintiff suffered the injuries, damages and losses set forth hereinabove.

## FIFTH CAUSE OF ACTION

46. Plaintiff incorporates by reference each and every allegation contained in paragraphs one (1) through forty-five (45) as if fully rewritten.

47. The Products Liability Act contained within the Ohio Revised Code §§ 2307.71 through 2307.80 establishes a positive and definite standard of care in the manufacture of products in Ohio, including the Defendant Rust-Oleum's paint and paint can, and the violation of this law incorporates negligence *per se* and *res ipsa loquitor* principles of law.

48. Plaintiff is among the class of persons designed to be protected by these statutes, laws, regulations, safety codes or provisions pertaining to the manufacture, design, distribution, storage and sale of similar products.

49. Plaintiff's injuries and damages described hereinabove occurred as a direct and proximate result of the Defendant's violation of the Products Liability Act.

WHEREFORE, the Plaintiff prays for judgment against the Defendant, in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) for compensatory damages as is reasonable and proper and commensurate with his full losses, and any other reasonable damages, plus costs and

Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jan 31 2:05 PM-19CV000960
0E511 - U9

for such other and further relief as the Court may deem just and proper in the premises.

*J.C. Ratliff* (signature)

J.C. Ratliff (#0027898)
Jeff Ratliff (#0083818)
Rocky Ratliff (#0089781)
Edwin M. Bibler (#0097668)
Attorneys for Plaintiff
200 West Center Street
Marion, OH 43302
Telephone: 740/383-6023
Facsimile: 740/383-2066
Email: attorney.ratliff@gmail.com