UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Zechariah Duffey,**

    **Plaintiff,**

    v.                               Case No.: 2:19-cv-775
                                       Judge Michael H. Watson

**Rust–Oleum Corp., *et al.*,**         Magistrate Judge Jolson

    **Defendants.**

## OPINION AND ORDER

Defendant Ball Corporation ("Ball") moves to dismiss Zechariah Duffey's ("Plaintiff") Amended Complaint as to Ball. Mot., ECF No. 23. For the following reasons, Ball's motion is **GRANTED**.

### I.    FACTS[1]

On or about February 1, 2017, Plaintiff was working as a supervised contractor at Battelle Memorial Institute. Am. Compl. ¶ 8, ECF No. 17. Plaintiff obtained a new aerosol paint can to paint an automobile rocker panel. *Id.* ¶¶ 11–12. While preparing the can by shaking it, the bottom of the can failed and rapidly propelled the can upward, striking Plaintiff in the head. *Id.* ¶ 14. The can left a wound above Plaintiff's right temple. *Id.* Plaintiff did not deviate from standard procedures in the use of the aerosol paint can. *Id.* ¶ 15. Following the incident, the aerosol paint can was observed to have sheared or separated

---

[1] The Court accepts Plaintiff's factual allegations in the Amended Complaint as true for purposes of Ball's motion to dismiss.

above the bottom seam, which was caused by a manufacturing defect. *Id.* ¶ 17. Additionally, cans in a similar lot were showing evidence of bulging on the bottom. *Id.* ¶ 18. The can that Plaintiff used did not have evidence of bulging on the bottom. *Id.* The aerosol paint used by Plaintiff was manufactured by Defendant Rust–Oleum Corporation ("Rust–Oleum"). *Id.* ¶ 11. Ball manufactures the aluminum and/or metal aerosol can which holds the Rust–Oleum paint. *Id.*

On January 31, 2019, Plaintiff sued only Rust-Oleum in the Franklin County, Ohio Common Pleas Court alleging that the paint and/or paint can was defective. *Id.* ¶ 5. Rust–Oleum removed the case to this Court on March 5, 2019. *Id.* Plaintiff discovered from Rust–Oleum's initial disclosure, which was served on April 30, 2019, that the paint can was not manufactured by Rust–Oleum, but, instead, was manufactured by Ball. Resp. 1–2, ECF No. 24. Plaintiff filed a motion to join Ball as a party on September 30, 2019. *Id.* at 2. This Court granted the motion, and Plaintiff filed his Amended Complaint naming Ball as a Defendant on October 8, 2019. *Id.* Plaintiff's Amended Complaint contains five claims against Rust–Oleum and five claims against Ball, all of which allege product defects and/or negligence.

Ball moves to dismiss the claims against it, arguing that they are barred by the statute of limitations. For the following reasons, Ball's motion to dismiss is **GRANTED**.

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). While the court must "construe the complaint in the light most favorable to the plaintiff," *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.

As Ball properly points out, this Court and the Sixth Circuit recognize that statute of limitations defenses can be raised in Rule 12(b)(6) motions to dismiss. *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 946 (6th Cir. 2002); *Allen v. Andersen Windows, Inc.*, 913 F. Supp. 2d 490, 500 (S.D. Ohio 2012) ("Dismissal under Fed. R. Civ. P. 12(b)(6) based on a statute-of-limitations bar is appropriate

when the complaint shows conclusively on its face that the action is indeed time-barred.").

### III. ANALYSIS

While Plaintiff brings five claims against Ball, they are all subsumed under the Ohio Product Liability Act ("OPLA"), which preempts Plaintiff's common law product liability claims and negligence claims. Ohio Rev. Code § 2307.71(B) (the OPLA is "intended to abrogate all common law product liability claims or causes of action"); *see also Miles v. Raymond Corp.*, 612 F. Supp. 2d 913, 918 (N.D. Ohio 2009). The OPLA defines a product liability claim as a "claim or cause of action . . . that seeks to recover compensatory damages from a manufacturer or supplier for . . . physical injury to [a] person" arising from defective design, defective warning or instruction, defective manufacture or failure to conform with any relevant representation or warranty. Ohio Rev. Code § 2307.71(A)(13)(a)–(c). Plaintiff's claims against Ball each allege that the paint can manufactured by Ball was defective. Therefore, Plaintiff may only pursue his claims against Ball only under the OPLA,[2] and the Court's analysis is limited to the OLPA's statute of limitations.

Ohio Rev. Code § 2305.10(A) provides that "an action based on a product liability claim . . . shall be brought within two years after the cause of action accrues," and "a cause of action accrues under this division when the injury or

---

[2] In his response to the motion to dismiss, Plaintiff does not dispute that his common law claims are preempted by the OPLA.

loss to person or property occurs."[3]  Plaintiff acknowledges that his claims accrued on the date of his injury on February 1, 2017.  Resp. 2, ECF No. 24.  Therefore, Plaintiff's claims had to be brought by February 1, 2019.  Because Plaintiff did not seek to add Ball to this lawsuit until September 30, 2019, he argues that his Amended Complaint relates back to the date his original complaint was filed—January 31, 2019.  Plaintiff is incorrect.

Under the Federal Rules of Civil Procedure, an amendment to a pleading relates back to the date of the original pleading when:

> A) the law that provides the applicable statute of limitations allows relation back;
> B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>    i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>    ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Plaintiff first argues that Rule 15(c)(1)(A) applies because Ohio law allows relation back.  But instead of citing Ohio's substantive law, Plaintiff merely references Ohio R. Civ. P. 15(C).  Ohio's procedural rules do not apply in this

---

[3] There are certain exceptions to this general statute of limitations, R.C. § 2305.10(B), but Plaintiff does not argue that any of those apply.

Court, and Ohio Revised Code Section 2305.10, the relevant statute of limitations, does not permit relation back. *Evans v. Hanger Prosthetics & Orthotics, Inc.*, 735 F. Supp. 2d 785, 792 (N.D. Ohio 2010). Therefore, Rule 15(c)(1)(A) does not rescue Plaintiff's claims against Ball.

Next, Plaintiff argues that "the actions outlined in the Amended Complaint are of the same transaction or occurrence as the original pleading," satisfying Rule 15(c)(1)(B), and that Ball is not prejudiced by having to defend this action and should have knowledge of the lawsuit even before it was added as a party, satisfying Rule 15(c)(1)(C). These arguments are foreclosed by firmly established Sixth Circuit precedent that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) (quoting *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991)); *see also id.* ("Rule 15(c)(1)(B) allows relation back of an amendment asserting a 'claim or defense,' but it does not authorize the relation back of an amendment adding a new *party*."); *Rayfield v. City of Grand Rapids*, 768 F. App'x 495, 502 (6th Cir. Apr. 15, 2019) ("Rule 15(c) is inapplicable when the plaintiff seeks to *add*, rather than subtract or change, the named defendants.").

Plaintiff's Rule 15(c)(1)(C) argument faces two additional hurdles. First, Plaintiff's ignorance that Ball was the manufacturer is not a "mistake," as required by Rule 15(c)(1)(C)(ii). *Rayfield*, 768 F. App'x at 502; *see also Moore v.*

*Tennessee*, 267 F. App'x 450, 455 (6th Cir. Mar. 3, 2008) ("a plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)").[4] Second, even if Ball had otherwise been properly substituted for Rust-Oleum, Rule 15(c)(1)(C) would still not apply because Ball did not have actual or constructive notice of the action within 90 days of the filing of the Complaint. *See Berndt v. Tennessee*, 796 F.2d 879, 884 (6th Cir. 1986). The Sixth Circuit has "[a]rticulated the following, non-exhaustive list of factors to consider in determining whether a newly-named defendant had constructive notice of a lawsuit: 'the relationship of the new defendants to the defendant(s) originally named, whether the same attorney represented both the original and new defendants, and whether the defendants are officials of the original defendant.'" *Beverly v. MEVA Formwork Sys., Inc.*, 500 F. App'x 391, 394 (6th Cir. Sep. 12, 2012) (quoting *Force v. City of Memphis*, 101 F.3d 702, 1996 WL 665609, at *2 (6th Cir. 1996) (table)). Plaintiff has not demonstrated that any of these factors weigh in his favor.

---

[4] This Sixth Circuit precedent was not changed by the ruling in *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010). *See DeBois v. Pickoff*, No. 3:09-cv-230, 2011 WL 1233665 (S.D. Ohio, March 28, 2011) (explaining that because *Krupski* involved a "one-for-one" substitution of parties and not the joinder of new parties, its holding is not in conflict with Sixth Circuit precedent); *see also Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. Apr. 6, 2012).

For these reasons, Plaintiff's Amended Complaint against Ball does not relate back to the date of filing the original Complaint, and Plaintiff's claims against Ball are barred by the statute of limitations.

## IV.	CONCLUSION

Ball's motion to dismiss, ECF No. 23, is **GRANTED**.  Ball is **DISMISSED WITH PREJUDICE**.  The Clerk is **DIRECTED** to terminate ECF No. 23 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**